STATE OF NORTH CAROLINA v. THURMAN GUNTHER

No. 131

(Filed 5 February 1979)

**Kidnapping § 1; Criminal Law § 26.5— kidnapping and assault—assault not element of kidnapping—separate punishments proper**

Defendant could properly be sentenced for both a kidnapping conviction and a felonious assault conviction inasmuch as the assault was not an element of the so-called "aggravated kidnapping" offense of which defendant was also convicted.

Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by both the State and defendant pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals, 38 N.C. App. 279, 248 S.E. 2d 97, opinion by *Judge Harry C. Martin,* concurred in by *Chief Judge Brock, Judge Clark* dissenting. Defendant appeals from the decision insofar as it found no error in defendant's trial before *Judge Bruce* at the 30 January 1978 Criminal Session of PITT Superior Court. The State appeals from the decision insofar as it ordered that judgment be arrested on defendant's conviction of assault with intent to commit rape.

*Rufus L. Edmisten, Attorney General, by David S. Crump, Special Deputy Attorney General, for the State.*

*Robert B. Rouse III, Attorney for defendant.*

PER CURIAM.

Defendant was tried on bills of indictment charging him with kidnapping one Evonne Sumrell in violation of G.S. 14-39 and as-

saulting her with intent to commit rape in violation of G.S. 14-22. The charges were consolidated for trial and the jury convicted defendant of both offenses. He was sentenced to 25 years imprisonment on the kidnapping conviction and 5 years imprisonment on the felonious assault conviction to commence at the expiration of the kidnapping sentence. The Court of Appeals unanimously found no error in defendant's trial leading to the convictions. A majority of that court, however, decided that defendant could not be sentenced for the felonious assault conviction inasmuch as this assault was an element of the so-called "aggravated kidnapping" offense of which defendant was also convicted.

The only question presented, therefore, on the State's appeal is whether this defendant can be sentenced for both the kidnapping conviction and the felonious assault conviction. This question was thoroughly analyzed in our recent decision of *State v. Williams*, 295 N.C. 655, 249 S.E. 2d 709 (1978). We there answered it affirmatively. The Court of Appeals' decision in this case was noted in *Williams*, 295 N.C. at 663, 249 S.E. 2d at 715, and therein implicitly overruled on this point. On the authority, therefore, of *Williams* we reverse the Court of Appeals' decision insofar as it ordered that judgment in the felonious assault case, No. 77CRS18040 in the trial court, be arrested. The judgment of the trial court in this case is, therefore, reinstated.

The Court of Appeals being unanimously of the opinion that no error was committed in the trial of these cases, it might well be argued that defendant has no right to appeal from this aspect of the decision. Defendant did not petition this Court for further discretionary review. Nonetheless we have carefully reviewed defendant's assignments of error and conclude that the Court of Appeals' refusal to sustain any of them was correct for the reasons given in the majority opinion. Insofar as the Court of Appeals found no error in defendant's trial its decision is affirmed.

Reversed in part.

Affirmed in part.

Justice BROCK did not participate in the consideration or decision of this case.